UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALAN DAVID FRICKER,

       Plaintiff,

v.                              Case No:   6:20-cv-1902-GKS-GJK

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____

### REPORT AND RECOMMENDATION[1]

Alan David Fricker ("Claimant") appeals the final decision denying his claim for Social Security disability insurance benefits. Doc. No. 1. Claimant applied for benefits on October 3, 2018, alleging a disability onset date of November 1, 2011. R. 279. Claimant's date last insured was December 31, 2016. R. 317. Because the administrative law judge ("ALJ") relied on a material misstatement in support of his decision, it is recommended that the final decision be **REVERSED** and **REMANDED** for further proceedings.[2]

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

[2] As this issue is dispositive, there is no need to address Claimant's other arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

## I.      STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla–i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations."); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v.*

*Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**II.    ANALYSIS.**

Claimant testified that he was diagnosed with extreme post-traumatic stress disorder ("PTSD") and anxiety and that these mental disorders began to manifest well over twenty years ago while he was serving in the military. R. 106-08. The record contains a May 14, 2014, Initial Psychiatric Evaluation from Advanced Registered Nurse Practitioner-Board Certified ("ARNP") Giselle Bolt that diagnoses Claimant with PTSD and indicates it is a new problem or condition. R. 1111. Claimant states that the ALJ found ARNP Bolt's mental status examinations more persuasive than the other medical evidence, effectively viewing the other medical evidence as unpersuasive, and that notably ARNP Bolt's first mental status examination is dated May 2014, thus leaving a three-year period of alleged disability insufficiently addressed by the ALJ. Doc. No. 39 at 26-27. The ALJ specifically stated, "[T]he record does not document ongoing mental health treatment until 2014, over two years after the alleged onset date. (Ex. 13F). If the claimant's symptoms had been as intense, persistent, and limiting as alleged since the alleged onset date, one would have expected more treatment since that date." R. 18-19. Medical records from ARNP Bolt's medical practice cover the period from May 2014 through October 2019. R. 1071-1111.

Initially, it was unclear precisely what the Claimant intended to convey by

the statement that the ALJ left a three-year period of disability insufficiently addressed, particularly because the ALJ specifically notes the lack of any records reflecting ongoing mental health treatment post-onset but prior to 2014. R. 18. More specifically, the ALJ relies on that gap, in part, as a basis for discrediting Claimant's assertion that his mental limitations existed as of his claimed onset date. R. 18-19. The Claimant revisits this topic again at page 47 of the amended joint memorandum, wherein he argues it was error for the ALJ to find that the record does not document ongoing mental health treatment until 2014 (more than two years after the alleged onset date) because "letters from [his] licensed mental health professionals reflect that he received treatment for PTSD and anxiety from circa 2007 through 2016[.]" Doc. No. 39 at 47 (citing R. 18, 450-53, 487). The records cited include an undated letter from Christina M. Suozzo, NPP, stating Claimant "was a client in my office from January 11, 2010 until he transferred to another practitioner in Florida on May 14, 2014." R. 450. Claimant also cites an April 23, 2015 letter from Erica Saltz, LCSW-R, stating: "I treated [Claimant] as a client in my psychotherapy practice from 2007 through the end of 2014. . . . He has been continuously treated with either medication, therapy or both for the better part of his life since his discharge from the Army." R. 451-52. Thus, the ALJ's statement that the record contains no evidence of ongoing mental health treatment until years after the onset date is objectively false. The Commissioner fails to directly

address this error. Doc. No. 39 at 48-49.

In a footnote in the Statement of the Facts Section of the amended joint memorandum, however, the Commissioner contests the assertion that Suozzo treated Claimant because "the record does not contain Ms. Suozzo's treatment notes." *Id.* at 6 n.6. This is correct so far as it goes, but the record does contain her letter stating that she did treat Claimant from January 11, 2010, until May 14, 2014, R. 450, which contradicts the ALJ's statement that "the record does not document ongoing mental health treatment until 2014," R. 18. Even if Suozzo's letter is disregarded, the record also contains Saltz's letter describing her treatment of Claimant's mental health issues from 2007 through 2014. R. 451-53.

Even though Claimant offers no pertinent legal support for his argument on this point, it is fundamental that a material misstatement of fact by the ALJ that the ALJ relied upon in finding that Claimant is not disabled requires reversal. *See Quanstrom v. Comm'r of Soc. Sec.*, No. 6:15-cv-990-RBD-GJK, 2016 WL 11469164, at *7 (M.D. Fla. Jun. 23, 2016), *report and recommendation adopted*, 2016 WL 3769958 (M.D. Fla. July 15, 2016) (nature and scope of ALJ's mischaracterizations of an opinion led to error that required reversal where ALJ's decision was not supported by substantial evidence); *White v. Comm'r of Soc. Sec.*, 6:09-cv-1208-JA-GJK, 2010 WL 11198664, at *15 (M.D. Fla. Aug. 3, 2010), *report and recommendation adopted*, 2010 WL 3448617 (M.D. Fla. Sept. 1, 2010) (ALJ's misstatement of fact regarding

physician's opinion substantially affected the ALJ's ultimate conclusion, thus necessitating reversal).

In this instance, the misstatement appears in the ALJ's analysis of Claimant's mental limitations and leads the ALJ to conclude: "If the claimant's symptoms had been as intense, persistent, and limiting as alleged since the alleged onset date, one would have expected more treatment since that date." R. 19. The records cited by Claimant show the ALJ mischaracterized the record in a material way because the letters from Suozzo and Saltz show Claimant received mental health treatment from before the onset date through 2014. R. 450, 451-52. Although the actual treatment notes for that period are absent from the record, this material misstatement of the record requires reversal and remand because the Court can not speculate about what impact an accurate understanding of the record evidence may have had on the ALJ's opinion. *See generally Moore v. Barnhart*, 405 F.3d 1208, 1213-14 (11th Cir. 2005) (court could not evaluate whether ALJ's error was harmless when ALJ did not consider required factors).

In the record, Claimant listed treating with both Suozzo and Saltz from 2007 through 2014 and provided their phone numbers and addresses. R. 467-68. The Social Security Administration requested records from them on October 10 and November 2, 2018, R. 184, 200-01, but there is no indication that these records were received. On remand, the Social Security Administration should put forth its best

efforts to obtain these records as well as any other pertinent available records from relevant time periods.

## III.    CONCLUSION.

The ALJ made a material misstatement of the record, and then relied on that misstatement to find Claimant not disabled. Therefore, his decision is not supported by substantial evidence, and it is recommended that the decision be reversed.

Accordingly, it is **RECOMMENDED** that:

1.  The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2.  The Clerk be directed to enter judgment for Claimant and close the case.

**NOTICE TO PARTIES**

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on January 18, 2022.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Nikie Popovich, Esq.
390 North Orange Avenue, Suite 2300
Orlando, Florida 32801

Karin Hoppmann
Acting United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Christopher G. Harris, Regional Chief Counsel
John C. Stoner, Deputy Regional Chief Counsel

Megan Gideon, Branch Chief
Arthurice T. Brundidge, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable John M. Dowling
Administrative Law Judge
Office of Hearings Operations
Building 110, 2nd Floor
Saint Louis, MO 63120-1700